UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                         Plaintiff,

                                                                    DECISION AND ORDER

                                                                     04-CR-6143L
                                                                     13-CV-6441L

              v.

ROBINSON SANCHEZ,

                         Defendant.

_____

Defendant Robinson Sanchez ("Sanchez") was sentenced on his guilty plea to three counts in the Fourth Superseding Indictment, principally to a term of 360 months and a day, to be followed by deportation.  Sanchez had also been convicted of state court crimes and was serving sentences for those.  At some point in the proceedings, Sanchez lapsed from state custody to federal custody.  At the federal sentencing on May 11, 2012, after imposing the 360-month aggregate sentence, the Court stated that Sanchez was to receive credit for time spent in federal custody, and the Court recommended that the Bureau of Prisons "consider favorably his getting credit for the time he was in state custody prior to lapsing into federal custody."  (Dkt. 5, p. 23).

Sanchez is now serving his sentence and he has filed, *pro se*, a petition for a writ of habeas corpus (Dkt. #1) for an order directing the Bureau of Prisons to grant him credit against his sentence for time spent in state custody.

The Government has answered the motion (Dkt. #6) and urges denial of the motion. The Government states that the relief originally requested by Sanchez, administratively, has now been granted by the Bureau of the Prisons, and that the Bureau of Prisons' records, specifically the Inmate Locator (Ex. B to Government's Answer), reflects his new release date, which is now determined to be approximately four years sooner than was the case previously.

It appears from the Government's answer and attachment that the matter is now indeed moot. Sanchez filed his petition claiming that the Bureau of Prisons had denied his several requests to grant him credit for time spent in state custody. It now appears, apparently after inquiry by the United States Attorney's Office in the Western District of New York, that the Bureau of Prisons has granted all of the relief requested by Sanchez and, therefore, there is no need for this Court to proceed further.

The Bureau of Prisons has discretion as to whether to grant credit for time spent in state custody. *See Heddings v. Garcia,* 491 Fed. Appx. 896, 899-900 (10th Cir. 2012) (Bureau of Prisons properly exercised its discretion to deny defendant's request for credit for time served in state custody); *Galloway v. Warden of F.C.I. Fort Dix,* 385 Fed. Appx. 59, 62 (3d Cir. 2010) (finding that Bureau of Prisons did not act arbitrarily or capriciously in denying defendant's request for credit for time served in state custody); *Leguen-Mejia v. U.S. Warden, NEOCC,* No. 12-CV-1000, 2015 WL 196154, at *1 (N.D. Ohio Jan. 14, 2015) (Bureau of Prisons did not abuse its discretion in failing to award federal credit for time served in state custody). Defendants

2

are entitled to receive credit for time spent in federal custody on a charge, but it is discretionary with the Bureau of Prisons as to whether to give credit for time spent in state custody.

In any event, the Bureau of Prisons has now exercised its discretion and granted the relief requested by Sanchez.  In addition, because of the lengthy sentence imposed, Sanchez's release date is more than a decade in the future, and the matter can be dealt with in the future if it is necessary to do so.

## CONCLUSION

The petition of Robinson Sanchez in case 13-CV-6441L for a writ of habeas corpus (Dkt. #1) is in all respects denied.  I decline to issue a certificate of appealability because Sanchez has not set forth a substantial basis for a constitutional violation.

IT IS SO ORDERED.

_____

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 26, 2015.

3